# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.A.-R. and L.G.**

**No. 19-0120** (Kanawha County 18-JA-306 and 18-JA-307)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.A.-D. by counsel Jason Lord, appeals the Circuit Court of Kanawha County's December 20, 2018, order terminating her parental rights to A.A.-R. and L.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon Childers, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 24, 2018, the DHHR filed an abuse and neglect petition alleging that petitioner physically and emotionally abused A.A.-R. The younger child, L.G., was also named in the petition as an infant respondent. Specifically, the DHHR alleged that during an interview with a Child Protective Services ("CPS") worker, the child disclosed that petitioner called him "stupid, retard, dumb, moron, and tells him that he is never going to amount to anything." The child also disclosed that petitioner scratched him and that he went to school with marks on his face. Further, the child stated that he was afraid of petitioner, but more afraid that CPS was going to take him away and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise an assignment of error regarding the termination of her parental rights.

1

put him in another "bad house." The child requested that the CPS worker not tell petitioner anything he told the school or the CPS worker. Finally, the child stated that he feared petitioner "might kill him or hit him" and that she hit him in the head with a boot about a month before the interview. When the CPS worker interviewed petitioner, she admitted to calling him names, but denied hitting him. She stated that she and the child do not get along because he is defiant, steals candy and money from her, and does not clean his room. She disclosed that A.A.-R. was previously removed from her home because she spanked him.[3] She stated that the child started to act out for attention after L.G. was born. Petitioner told the CPS worker that she did not do anything wrong and that the problems were A.A.-R.'s fault.

The adjudicatory hearing was originally scheduled for July 19, 2018, but was continued in order for petitioner to complete a psychological evaluation. The circuit court conducted an in camera interview with A.A.-R. in August of 2018. On October 1, 2018, the circuit court held the adjudicatory hearing. The DHHR presented testimony regarding the allegations in the petition. The circuit court also considered A.A.-R.'s in camera testimony as well as petitioner's psychological evaluation. The evaluating psychologist testified that petitioner failed to take any responsibility for her actions relating to the abuse and neglect and had no remorse for her actions. She further testified that petitioner suffered from mental health disorders and that, even with treatment, it was unlikely that petitioner could improve to become an appropriate parent. Petitioner testified on her own behalf and denied most of the allegations of abuse and neglect. However, she did admit to throwing a boot at A.A.-R. on one occasion and stated that she has a "little anger control issue." In its order following adjudication, the circuit court found that petitioner had mental health and anger control issues that prevented her from being an appropriate parent; was violent and engaged in domestic violence with L.G.'s father; physically and emotionally abused one or more of her children; and accepted no responsibility for her actions. The circuit court adjudicated petitioner as an abusing parent and denied her motion for a post-adjudicatory improvement period.

On December 7, 2018, the circuit court held a dispositional hearing. The circuit court granted the DHHR's motion to consider all prior evidence and noted petitioner's objection to the consideration of the child's in camera interview. The DHHR presented the testimony of a CPS worker who testified that petitioner's services were terminated due to her behavior with the service providers. Petitioner testified on her own behalf. In its dispositional order, the circuit court found that the petition in the instant matter was filed due to the same issues that occurred in petitioner's 2014 abuse and neglect case. The circuit court found that petitioner called A.A.-R. names and that the child disclosed ongoing physical and emotional abuse at the hands of petitioner. The dispositional order stated that domestic violence issues between petitioner and L.G.'s father were ongoing throughout the proceedings. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of petitioner's parental rights was necessary for the

---

[3]In 2014, an abuse and neglect petition was filed against petitioner alleging conditions of abuse and neglect similar to those in the instant matter. In the previous case, petitioner stipulated to inappropriately disciplining A.A.-R. and was adjudicated as an abusing parent. However, petitioner successfully completed her post-adjudicatory improvement period and the matter was dismissed.

children's welfare. The circuit court terminated petitioner's parental rights in its December 20, 2018, order.[4] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In support, petitioner contends that she was denied an "opportunity to address parenting shortcomings." However, she also asserts that she complied with services such as random drug screens, parenting and adult life skills classes, and a psychological evaluation. We do not find petitioner's argument persuasive. West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Moreover, we have held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

---

[4]The children's respective fathers' parental rights were also terminated. According to the DHHR and the guardian, the permanency plan for the children is adoption by their maternal grandmother.

Here, the record shows that petitioner repeatedly failed to acknowledge the issues of abuse and neglect and had no remorse for her actions. She justified calling A.A.-R. names, blamed A.A.-R. and his behavior for causing problems, and stated that she had a "little anger control issue." The circuit court found that A.A.-R. disclosed ongoing physical and emotional abuse by petitioner, which was the same type of abuse for which petitioner was adjudicated in her prior abuse and neglect case. Despite her participation in services during the instant proceedings, petitioner clearly did not benefit from them. Petitioner's services were terminated due to her behavior with service providers and she continued to engage in domestic violence during the proceedings. Based on this evidence, it is clear that petitioner did not meet the burden to receive a post-adjudicatory improvement period and granting her the same would have been futile. We find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 20, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4